UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK PATERSON,

    Plaintiff,

v.                          CASE No. 8:13-CV-334-T-23TGW

RANDALL ZITCH,

    Defendant.
_____:

## REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint which alleges "wrongful detainer" and "wrongful arrest" arising from a traffic stop near the University of South Florida (see Doc. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be

dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

In this case, the plaintiff's complaint fails to comply with the Federal Rules of Civil Procedure or state a claim upon which relief may be granted. Thus, the complaint fails to include, in accordance with Rule 8(a)(1), F.R.Civ.P., "a short and plain statement of the grounds for the court's jurisdiction." Furthermore, federal jurisdiction is not apparent from the claims in the complaint, as there is no federal cause of action for "wrongful detainer" or "wrongful arrest" (see Doc. 1).

Moreover, the plaintiff has not stated a claim upon which relief can be granted because the premise of his claims is that the defendant, presumably a police officer, stopped the plaintiff without "witnessing a felony or witnessing evidence to suggest a felony was imminent" (Doc. 1, p. 1). However, a police officer clearly does not have to believe an individual committed a felony to stop a vehicle; thus, a civil traffic infraction is sufficient. See Willis v. State of Florida, 762 So.2d 1005 (Fla. App. 2000).

Additionally, the plaintiff has not stated a cognizable claim for wrongful arrest, for which he simply states "Defendant arrested the Plaintiff

for resisting the wrongful detention" (Doc. 1, p. 2). However, as indicated, the plaintiff has not shown that law enforcement wrongfully stopped his vehicle. Further, the plaintiff states he was arrested for resisting the detention. Assuming that the plaintiff resisted the officer without violence, he may be charged with a first degree misdemeanor, Fla. Stat., §843.02, and a law enforcement officer may arrest an individual if he has committed a misdemeanor in the officer's presence. Fla. Stat., §901.15.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to show that this court has jurisdiction over his claims and has failed to allege any legally cognizable injury. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended

complaint that complies with the Federal Rules of Civil Procedure. In the meantime, ruling on the request to proceed <u>in forma pauperis</u> should be deferred.

                                Respectfully submitted,

                                THOMAS G. WILSON
                              UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 7, 2013

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).